UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARTINS ELIZEU ANDRADE,
A# 059-938-064,
      Petitioner,

                                                  CIVIL ACTION
v.                                    NO. 12-12415-NMG

GERARD HORGAN,
SUPERINTENDENT/SPECIAL SHERIFF,
      Respondent.

## MEMORANDUM AND ORDER

GORTON, D.J.

      On December 28, 2012, Petitioner Martins Elizeu Andrade, an immigration detainee confined at the Suffolk County House of Correction in Boston, Massachusetts, filed a self-prepared petition for a writ of habeas corpus under 28 U.S.C. § 2241.  Petitioner challenges his continued detention and seeks immediate release on ICE supervision on the grounds that his continued detention for more than six months after his final order of removal is in violation of his due process rights as articulated by the Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001).

      Petitioner did not pay the $5.00 filing fee; however, he filed a Letter/Request (Docket No. 1-1) in which he claims that he cannot raise the $5.00 filing fee and therefore seeks a waiver of the fee.   The Letter/Request is not signed under the penalties of perjury as required by 28 U.S.C. § 1915(a)(1).  See Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 205 (1993) (noting that the affidavit requirement contained in the *in forma pauperis* statute serves a deterrent function and protects the public against a false or fraudulent application of the statute's benefits).

Accordingly, it is hereby Ordered that:

1. Petitioner's Letter/Request (Docket No. 1-1) seeking leave to proceed *in forma pauperis* is <u>DENIED</u> without prejudice as defective;

2. Within 21 days of the date of this Memorandum and Order, Petitioner either shall pay the $5.00 filing fee for habeas petitions, or in the altesetrnative, file a Motion for Leave to Proceed *in forma pauperis* signed under the penalties of perjury and accompanied by his inmate account statement; failing which, this action may be dismissed;[1]

3. Gerard Horgan, the Superintendent of the Suffolk County House of Correction/Special Sheriff, shall be deemed the sole Respondent in this action, as he is the proper Respondent, <u>see</u> <u>Rumsfeld</u> v. <u>Padilla</u>, 542 U.S. 426, 434 (2004); the Immigration and Customs Enforcement shall be terminated as a Respondent to this action, and the Clerk shall correct the docket accordingly;

4. The Clerk of this Court shall serve a copy of the petition upon (i) Gerard Horgan, Superintendent of the Suffolk County House of Correction/Special Sheriff, Suffolk County Sheriff's Department, South Bay House of Correction, 20 Bradston Street, Boston, MA 02118; and (ii) the United States Attorney for the District of Massachusetts;

5. The Respondent shall, within 21 days of receipt of this Memorandum and Order, file an answer or other responsive pleading; and

6. The Respondent shall provide the Court with at least 48 hours advance notice of any scheduled removal of the Petitioner, and any scheduled transfer of the Petitioner out of the jurisdiction.

SO ORDERED.

                    /s/ Nathaniel M. Gorton
                    NATHANIEL M. GORTON
                    UNITED STATES DISTRICT JUDGE

DATED: January 15, 2013

---

[1] Although Petitioner is not a prisoner as defined by 28 U.S.C. § 1915(h), this Court still requires him to provide a statement of the current balance in any inmate account, in order to determine whether he can afford to pay the modest $5.00 filing fee. The Clerk shall send Petitioner the standard application form, and shall send a copy of this Memorandum and Order to the Treasurer's Office at the Suffolk County House of Correction.